**IN THE DISTRICT COURT OF THE UNITED STATES VIRGIN ISLANDS**
**ST. CROIX DIVISION**

JEFFREY J. PROSSER, DAWN PROSSER, ADRIAN PROSSER, and JOHN P. RAYNOR,

Plaintiffs,

v.

NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION, RURAL TELEPHONE FINANCE COOPERATIVE, NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION, SHELDON C. PETERSEN, JOHN J. LIST, STEVEN L. LILLY, R. WAYNE STRATTON, GREENLIGHT CAPITAL, INC., GREENLIGHT CAPITAL QUALIFIED, L.P., GREENLIGHT CAPITAL, L.P., GREENLIGHT CAPITAL OFFSHORE, LTD., FULBRIGHT & JAWORSKI, L.L.P., GLENN L. ENGLISH, DELOITTE & TOUCHE USA LLP, and ERNST & YOUNG, LLP,

Defendants.

Case No. **08-cv-00107-CVG-GWC**

**DEFENDANT GREENLIGHT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

OF COUNSEL:
AKIN GUMP STRAUSS HAUER & FELD LLP
Richard B. Zabel
James P. Chou
Jamison A. Diehl
One Bryant Park
New York, NY 10036
(212) 872-1000

STRYKER, DUENSING, CASNER & DOLLISON
Richard H. Dollison, Esq.
5126 Drake's Passage
Suite 202
P.O. Box 6785
St. Thomas, U.S. Virgin Islands 00804
Telephone: (340) 774-6011
Facsimile: (340) 776-8520

*Attorneys for the Greenlight Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................... ii

PRELIMINARY STATEMENT .................... 1

ARGUMENT .................... 2

**I. Plaintiffs' Claim For RICO Conspiracy Is Fatally Deficient** .................... 3

**A. Elements Of A RICO Conspiracy** .................... 3

**B. Plaintiffs Fail To Allege That Greenlight Agreed To Enter A RICO Conspiracy With Knowledge That Any Predicate Act Would Be Committed** .................... 5

**1. Plaintiffs Fail to Allege That Greenlight Agreed to Enter a Conspiracy** .................... 5

**2. Alleging a "Joint Venture" Does Not Sufficiently Allege an Agreement to Commit Predicate Acts** .................... 7

**3. The Sole Allegation of Greenlight's Knowledge is Legally Deficient** .................... 9

CONCLUSION .................... 10

## TABLE OF AUTHORITIES

### CASES

*Banks v. Wolk*, 918 F.2d 418 (3d Cir. 1990) .......... 4

*Beck v. Prupis*, 529 U.S. 494 (2000) .......... 5

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......... 3, 4, 5, 7

*Best Envtl. Tech., Inc. v. Luff*, Civ. A. No. 85-2195, 1986 WL 8266 (E.D. Pa. 1986 July 25, 1986) .......... 9

*Black & Yates, Inc. v. Mahogany Ass'n, Inc.*, 129 F.2d 227 (3d Cir. 1941) .......... 3

*Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545 (D. V.I. 2004) .......... 8

*Edward J. Sweeney & Sons, Inc., v. Texaco, Inc.*, 478 F. Supp. 243 (E.D. Pa. 1979), *aff'd*, 637 F.2d 105 (3d Cir. 1980) .......... 6

*Figueroa Ruiz v. Alegria*, 896 F.2d 645 (1st Cir. 1990) .......... 2

*Glessner v. Kenny*, 952 F.2d 702 (3d Cir. 1991) .......... 4

*Helman v. Murry's Steaks, Inc.*, 742 F. Supp. 860 (D. Del. 1990) .......... 9

*J.A. Moore Constr. Co. v. Sussex Assocs. Ltd. P'ship*, 688 F. Supp. 982 (D. Del. 1988) .......... 5

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) .......... 2

*Lavin v. Bear, Stearns & Co., Inc.*, Civ. A. No. 90-4333, 1990 WL 178726 (E.D. Pa. Nov. 14, 1990) .......... 4, 8, 9

*Lum v. Bank of America*, 361 F.3d 217 (3d Cir. 2004) .......... 4

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) .......... 8

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589 (D. N.J. 2001) .......... 3

*Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162 (3d Cir. 1989) .......... 4, 5

*Smith v. Berg*, 247 F.3d 532 (3d Cir. 2001) .......... 4, 10

*Smith v. First Century Bank*, No. 3:04-CV-591, 2007 WL 956652 (E.D. Tenn. Mar. 29, 2007) .......... 10

*Smith v. Jones, Gregg, Creehan & Gerace, LLP*, No. 2:08-cv-365, 2008 WL 5129916 (W.D. Pa. Dec. 5, 2008) ....................4

*Solomon v. Blue Cross & Blue Shield Ass'n.*, 574 F. Supp. 2d 1288 (S.D. Fla. 2008) ....................3

*Taxin v. Food Fair Stores, Inc.*, 287 F.2d 448 (3d Cir. 1961) ....................8

*United States v. Gonzalez*, 921 F.2d 1530 (11th Cir. 1991) ....................8

*United States v. Hurley*, 63 F.3d 1 (1st Cir. 1995)....................10

*United States v. Warshawsky*, 20 F.3d 204 (6th Cir. 1994) ....................10

*Watterson v. Page*, 987 F.2d 1 (1st Cir. 1993)....................9

**STATUTES**

18 U.S.C. § 1513(e) (2000)....................7

18 U.S.C. § 1512(c) (2000)....................7

18 U.S.C. § 1951(a) (2000)....................7

18 U.S.C. §§ 1961 *et seq*. (2000).................... *passim*

FED. R. CIV. P. 8(a) ....................3

FED. R. CIV. P. 11....................2

FED. R. CIV. P. 12(b)(6)....................1, 3

FED. R. CIV. P. 41(d) ....................2

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Greenlight Capital, Inc., Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (collectively, "Greenlight") respectfully move to dismiss all claims asserted against them in this action by Plaintiffs Jeffrey J. Prosser, Dawn Prosser, Adrian Prosser, and John P. Raynor.[1]

## PRELIMINARY STATEMENT

This Court is no stranger to Jeffrey Prosser's long-settled and defunct claims against Greenlight. The latest incarnation, dressed up as civil RICO and state law claims, is predicated on the same 2005 Intercreditor Agreement which formed the basis for an action this Court dismissed with prejudice in 2006. Plaintiffs' claims are so inadequately pled and so obviously precluded that it is clear that this vexatious litigation has been brought solely to harass and block Greenlight and other creditors from recovering what they are owed.

Plaintiffs allege that after it won court judgments totaling nearly $85 million against Prosser and the various companies he controlled, Greenlight entered into an "Intercreditor Agreement" with Rural Telephone Finance Cooperative ("RTFC"). Plaintiffs contend the Intercreditor Agreement pursued RTFC's retaliatory "motives" against Plaintiffs. Plaintiffs, however, fail to plead a threshold fact: that Greenlight, itself, ever agreed to enter a RICO conspiracy. Further, the Complaint, which rests entirely on self-serving characterizations and speculative leaps, fails to plead the most basic element of a RICO conspiracy claim as to Greenlight, namely, an *agreement to commit predicate acts*. Accordingly, for the reasons set

---

[1] This brief addresses the specific legal deficiencies of Plaintiffs' conspiracy claims against Greenlight under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961, *et. seq.* (2000)), which are not set forth in the defendants' joint motion to dismiss and supporting omnibus brief's (the "Omnibus Brief") discussion of the more pervasive deficiencies of each of Plaintiffs' putative claims.

forth below and in Defendants' Omnibus Brief, Plaintiffs' Complaint against Greenlight should be dismissed in its entirety, and with prejudice.

## ARGUMENT

Civil RICO has been likened to "the litigation equivalent of a thermonuclear device." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (quotations and citation omitted). Given the potential breadth of claims, trebling of damages, and because simply being named a RICO defendant is stigmatizing and costly, courts closely scrutinize civil RICO claims for potential abuse. *See Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990) ("courts should strive to flush out frivolous RICO allegations at an early stage of the litigation"). Such scrutiny is required here and compels dismissal, as well as sanctions under Rule 11 and costs under Rule 41(d).

The RICO statute provides civil remedies, treble damages, costs and attorney's fees for "any person injured in his business or property by reason of a violation of § 1962." 18 U.S.C. § 1964(c). *See* 18 U.S.C. §§ 1961 *et seq.* (2000). Specifically, Section 1962, in relevant part, makes it unlawful for any person to:

> (1) acquire or maintain control of an enterprise through a pattern of racketeering activity or through collection of unlawful debt, § 1962(b),
>
> (2) conduct the affairs of an enterprise through a pattern of racketeering activity or collection of unlawful debt, § 1962(c), and
>
> (3) conspire to violate one of the preceding two subsections, § 1962(d).

Section 1961(1) provides an exhaustive list of acts – commonly referred to as "predicate acts" – that constitute "racketeering activity" under Section 1962. A "pattern of racketeering activity" requires the commission of at least two predicate acts. 18 U.S.C. § 1961(5).

Plaintiffs do not allege that Greenlight committed any predicate act. Instead, Plaintiffs contend that Greenlight, in seeking to collect on its court judgments against Prosser and his

various companies, "pursued, under the color of law, lawful actions for an unlawful purpose: CFC's and RTFC's retaliatory and extortionary objectives." Am. Compl. ("Complaint" or "Compl.") ¶ 198. On this basis, Plaintiffs seek to hold Greenlight liable under Section 1962(d) for conspiring to violate Sections 1962(b) or (c).

Although claims of a RICO conspiracy are governed by Rule 8(a), a claim must be dismissed pursuant to Rule 12(b)(6) if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007); *see also Solomon v. Blue Cross & Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008) (*Twombly* "adds new bite to the RICO requirement that the [p]laintiff[] describe the agreement to conspire in the complaint"). A court "will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions case[d] in the form of factual allegations." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589, 594 (D. N.J. 2001). In particular, "[a] general allegation of conspiracy . . . [is] an allegation of legal conclusion and insufficient of itself to state a cause of action." *Black & Yates, Inc. v. Mahogany Ass'n, Inc.*, 129 F.2d 227, 231 (3d Cir. 1941).

Plaintiffs' allegations against Greenlight present no more than a thin veneer of legal conclusions. Therefore, as shown below, their claim for RICO conspiracy against the Greenlight defendants fails in its entirety as a matter of law.

## I. Plaintiffs' Claim For RICO Conspiracy Is Fatally Deficient

### A. Elements Of A RICO Conspiracy

To state a claim for RICO conspiracy under Section 1962(d), in addition to pleading a viable underlying substantive RICO violation, a complaint must plausibly allege that a defendant: (1) knowingly agreed to the commission of at least two predicate racketeering acts (2) with knowledge that the predicate acts were part of a pattern of racketeering activity in

violation of Sections 1962(a), (b) or (c).[2] *Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990); *see also Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001) (a complaint must allege that the defendant "*knowingly agree[d]* to facilitate a scheme which includes the operation or management of a RICO enterprise") (emphasis added). In addition, the complaint must "address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Glessner v. Kenny*, 952 F.2d 702, 714 (3d Cir. 1991) (citations omitted).

With respect to the first conspiracy element, a complaint must allege that the defendant "objectively manifested an *agreement* to participate, directly or indirectly, in the affairs of a RICO enterprise through *the commission of two or more predicate acts*." *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, No. 2:08-cv-365, 2008 WL 5129916, at *7 (W.D. Pa. Dec. 5, 2008) (emphasis added). Courts are clear that allegations that defendants were merely "aware of, or ought to have been aware of" other defendants' unlawful activities are "insufficient to show that each defendant manifested an agreement to engage in the [Section 1962(d)] conspiracy or to show specific knowledge." *Lavin v. Bear, Stearns & Co., Inc.*, Civ. A. No. 90-4333, 1990 WL 178726, at *2 (E.D. Pa. Nov. 14, 1990). Thus, allegations of parallel conduct, even consciously undertaken, do not pass muster unless they are coupled with allegations of facts sufficiently pointing toward a meeting of the minds. *See Twombly*, 127 S. Ct. at 1966.

In addition to the element of agreement, to survive a motion to dismiss, a plaintiff also must plead the individual defendant's "knowledge that the acts were part of a *pattern of racketeering activity*." *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166-67 (3d Cir.

---

[2] Where "the substantive claims are themselves deficient," as they are here, any claim under Section 1962(d) based on conspiracy necessarily must fail. *Lum v. Bank of America*, 361 F.3d 217, 227 n.5 (3d Cir. 2004) (quotations and citations omitted).

1989), *abrogated on other grounds, Beck v. Prupis*, 529 U.S. 494 (2000) (emphasis added). While "[t]he heart of a RICO conspiracy is the agreement[,] the agreement must go beyond the mere agreement to commit predicate acts .... Rather, a RICO conspiracy must contain *an agreement to employ a pattern of racketeering activity* ... for the purpose of violating 18 U.S.C. § 1962(a), (b) or (c)." *J.A. Moore Constr. Co. v. Sussex Assocs. Ltd. Partnership*, 688 F. Supp. 982, 996 (D. Del. 1988) (emphasis added).

**B. Plaintiffs Fail To Allege That Greenlight Agreed To Enter A RICO Conspiracy With Knowledge That Any Predicate Act Would Be Committed**

As a threshold matter, Plaintiffs do not allege a single fact showing that Greenlight knowingly entered into an agreement to commit predicate acts. Instead, Plaintiffs simply define an "Intercreditor Agreement" entered between Greenlight and RTFC as a "joint venture" and, on this basis, contend that "CFC's and RTFC's actions are ascribed to Greenlight." Cmplt. ¶¶ 193 and 199. This wholly conclusory allegation falls short of pleading the essential element of a RICO conspiracy, namely, *an agreement to commit predicate acts*. Indeed, as shown below, even a generous reading of the Complaint's allegations against Greenlight does not "raise [Plaintiffs'] right to relief above the [purely] speculative level." *Twombly*, 127 S. Ct. at 1965.

**1. Plaintiffs Fail to Allege That Greenlight Agreed to Enter a Conspiracy**

Plaintiffs allege that Greenlight entered into the Intercreditor Agreement with RTFC on October 24, 2005 based upon "a monetary incentive," Cmplt. ¶ 192, and, in doing so, became "partners (a joint venture) joined at the hip with CFC." *Id.* ¶ 196. Thus, by pure *ipse dixit*, Plaintiffs contend: "[t]he Intercreditor Agreement is a 'joint venture' between RTFC and Greenlight which pursues CFC's retaliatory objectives through RTFC." *Id.* ¶ 193.

Plaintiffs, however, do not affirmatively allege that Greenlight shared or even learned of CFC's alleged retaliatory objectives at the time it entered the agreement, and do not allege that

Greenlight ***ever agreed*** to pursue such objectives. *See id.* ¶ 196. The disembodied allegation that the Intercreditor Agreement "*pursues*" CFC's alleged objectives, thus, misses the mark as to Greenlight since it conspicuously omits affirmatively alleging that Greenlight, itself, agreed to enter a RICO conspiracy.

Plaintiffs, in fact, allege that Greenlight may not have even learned of RTFC's "motivation" until ***four months after*** entering the Intercreditor Agreement:

> If Greenlight did not understand RTFC's motivation for the Intercreditor Agreement (Greenlight followed the saga between ICC and RTFC) when it entered into the Intercreditor Agreement [on October 24, 2005], it did after a February 26, 2006 … letter from ICC's counsel to Greenlight's counsel put Greenlight on notice of the motivation.

*Id.* ¶ 197. The insufficiency of Plaintiffs' allegation is plain. In effect, all Plaintiffs have alleged is that by some time after it entered the Intercreditor Agreement, Greenlight came to "understand RTFC's motivation." *Id.* Even if, as Plaintiffs allege, Greenlight eventually understood RTFC's purported motivation, however, the Complaint simply does not allege, as it must, that Greenlight made an illicit agreement to participate in a conspiracy.

Certainly, the Complaint does not allege that the Intercreditor Agreement was itself illegal, and a lawful agreement cannot be transformed into an unlawful RICO conspiracy by mere say-so. *See Edward J. Sweeney & Sons, Inc., v. Texaco, Inc.*, 478 F. Supp. 243, 265 (E.D. Pa. 1979) (a plaintiff "cannot establish the existence of the ... conspiracy by merely establishing the existence of an otherwise lawful agreement"). Further, *nowhere* in the Complaint do Plaintiffs *ever* allege that Greenlight learned of the alleged defalcation scheme, or *any* of the alleged acts taken to effect and conceal it. *See* Cmplt. ¶¶ 184-201. Therefore, in sum, what the Complaint alleges – and what it does not allege – against Greenlight is that: Greenlight (i) entered the Intercreditor Agreement, itself a legal agreement, (ii) without knowledge of the defalcation scheme, (iii) without knowing of any illicit motive on the part of the counterparty,

RTFC, when it entered the agreement, and, (iv) while eventually placed on "notice" of RTFC's alleged motives, (v) never agreed to pursue them.

Merely alleging that Greenlight entered a legal agreement with a party that, itself, allegedly harbored illicit motives – that Greenlight is not alleged to have agreed to pursue – alleges no more than "lawful parallel conduct" on the part of Greenlight. *Twombly*, 127 S. Ct. at 1966. As the Supreme Court has held, however:

> lawful parallel conduct fails to bespeak unlawful agreement. It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.

*Id*. Nor do Plaintiffs allege any facts to exclude independent self-interested conduct as an explanation for Greenlight's parallel conduct. *See id.* On the contrary, the Complaint alleges that RTFC's lien stood in a "superior position to the … Greenlight judgment," Cmplt. ¶ 186, making it plain that entering an agreement helping safeguard Greenlight's ability to collect on its judgments was an act of economic self-interest. While these defects alone destroy Plaintiffs' RICO claims against Greenlight, the pleadings supply several additional grounds for dismissal.

### 2. Alleging a "Joint Venture" Does Not Sufficiently Allege an Agreement to Commit Predicate Acts

In addition to failing to allege that Greenlight agreed to pursue CFC's and RTFC's alleged "motives," Plaintiffs also specifically fail to allege that Greenlight agreed to the commission of any predicate acts.[3] As discussed, rather than alleging that Greenlight agreed to

[3] Plaintiffs allege six predicate acts, which they divide into two "classifications:" (1) "those committed on a regular and continuous basis to effect and conceal the systematic defalcation of RTFC by CFC," and (2) "those directed at Plaintiffs and others once the systematic defalcation of RTFC by CFC was discovered by ICC." Cmplt. ¶ 215. The Complaint describes Greenlight's involvement in the alleged conspiracy only in terms of the second classification, which includes three of the alleged violations of : (1) 18 U.S.C. § 1512(c) (tampering with a witness); (2) 18 U.S.C. § 1513(e) (retaliation against a witness); or (3) 18 U.S.C. § 1951(a) (the Hobbs Act). *See* Cmplt. ¶¶ 196, 198, 221. As discussed in the Omnibus Brief, Plaintiffs have failed to sufficiently plead the commission of *any* of the alleged

the commission of predicate acts, Plaintiffs instead simply redefine the Intercreditor Agreement as a joint venture and on this basis contend "CFC's and RTFC's actions are *ascribed* to Greenlight." Cmplt. ¶ 199 (emphasis added). But, even if the Intercreditor Agreement could properly be characterized as a joint venture – which it certainly *cannot* – an agreement to commit predicate acts cannot be attributed to a defendant simply by alleging participation in a joint venture. As the Third Circuit has made abundantly clear:

> Conspirators are chargeable with the acts of their fellows only if the acts are done in the furtherance of the joint venture as all understood it; they are not to be held liable for what some of the conspirators, unknown to the rest, do beyond the reasonable intendment of the common understanding.

*Taxin v. Food Fair Stores, Inc.*, 287 F.2d 448, 451 (3d Cir. 1961) (internal quotation marks omitted); *see also Lavin*, 1990 WL 178726, at *2. Plaintiffs cannot simply substitute the allegation of a joint venture for adequately pleading that Greenlight agreed to enter a RICO conspiracy involving the commission of predicate acts. *See id.; see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss") (internal quotation marks omitted).

Moreover, Plaintiffs' attempt to simply "ascribe" unlawful actions to Greenlight cannot be reconciled with their allegation that Greenlight's actions were lawful.[4] In this regard,

---

predicate acts, and, in any event, do not allege that Greenlight agreed to any such violations. Plaintiffs' attempt to multiply predicate acts under CICO does not change the fact that Plaintiffs have utterly failed to allege Greenlight's agreement to commit *any* predicate acts. *See Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 577 (D. V.I. 2004) (given the identical language of the RICO and CICO statutes, District Courts in the Virgin Islands apply the same analysis to both claims).

[4] Further, the alleged acts of mail fraud, wire fraud and money laundering by others all allegedly began years prior to the beginning of Greenlight's alleged involvement in the conspiracy in 2005. Cmplt. ¶¶ 29-42. It is axiomatic that a defendant cannot agree to the commission of a predicate act which was committed prior to the defendant joining the agreement. *See, e.g., United States v. Gonzalez*, 921 F.2d 1530, 1543 n.21 (11th Cir. 1991) ("the majority of the predicate acts charged to the enterprise occurred prior to the time [defendant] can be shown to have joined. It is

Plaintiffs do not allege that Greenlight itself committed any predicate acts, but rather that "Greenlight pursued, under the color of law, lawful actions for an unlawful purpose." Cmplt. at ¶ 198. However, "mere conclusory allegations that defendants 'conspired' are not enough ... to turn *otherwise lawful actions* into a valid claim of unlawful conspiracy." *Watterson v. Page*, 987 F.2d 1, 9 n.7 (1st Cir. 1993) (emphasis added). If it were enough, then a plaintiff could take any series of legal actions by defendants, including entering into a contract, and recast them as a colorable RICO conspiracy claim. The law does not have such a low threshold. Thus, even as a general matter, Plaintiffs fail to allege that Greenlight agreed to enter a RICO conspiracy to commit any predicate acts.

### 3. The Sole Allegation of Greenlight's Knowledge is Legally Deficient

Without alleging that Greenlight agreed to the commission of any predicate acts, Plaintiffs make just one allegation regarding Greenlight's knowledge of any racketeering activity. In a wholly conclusory and, indeed, highly equivocal fashion, Plaintiffs allege that Greenlight served as RTFC's partner in the joint venture, "with actual knowledge or by consciously avoiding knowing the truth of CFC's racketeering activities." Cmplt. at ¶ 212(i).

However, even allegations of actual knowledge of racketeering activities, standing alone, are not equivalent to alleging an agreement to engage in such activities. *See Lavin*, 1990 WL 178726, at *2; *Best Envtl. Tech., Inc. v. Luff*, Civ. A. No. 85-2195, 1986 WL 8266, at *3 (E.D. Pa. Jul. 25, 1986) (allegations that defendants "knew or should have known" of other defendants' predicate acts are "insufficient for a RICO conspiracy") (internal quotations omitted). Rather, to properly allege a RICO conspiracy, the relevant inquiry focuses upon whether the defendant joined the scheme knowing of the participants' intent to commit a RICO offense and ***agreed*** to

difficult to see how he thus 'agreed' in any sense to these occurrences"); *Helman v. Murry's Steaks, Inc.*, 742 F. Supp. 860, 879 (D. Del. 1990).

"facilitat[e] a ... pattern of racketeering activity." *Berg*, 247 F.3d at 537 n.11. Thus, even if Plaintiffs had alleged Greenlight's awareness of CFC's alleged racketeering activities, and had done so without equivocation or speculation, which they manifestly failed to do, such an allegation would not be sufficient to allege Greenlight's *agreement* to facilitate a pattern of racketeering activity.

Further, Plaintiffs' reliance on the novel idea that Greenlight joined a racketeering conspiracy "by consciously avoiding knowing the truth of CFC's racketeering activities" is dead on arrival as a legal matter. *See, e.g., United States v. Hurley*, 63 F.3d 1, 10 (1st Cir. 1995) ("defendants must have joined the [RICO] conspiracy intentionally," and not through "willful blindness"); *Smith v. First Century Bank*, No. 3:04-CV-591, 2007 WL 956652, at *8 (E.D. Tenn. Mar. 29, 2007) ("'deliberate ignorance' may not be used to prove that the defendant was a member of the conspiracy") (citing *United States v. Warshawsky*, 20 F.3d 204, 211 (6th Cir. 1994)). Thus, Plaintiffs' RICO claim against Greenlight fails as a matter of law.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Omnibus Brief, the Greenlight Defendants respectfully request that the Court dismiss all claims against them in their entirety, and with prejudice, and grant such further relief as the Court deems just and proper.

Dated: February 27, 2009

Respectfully Submitted,

STRYKER, DUENSING, CASNER & DOLLISON

By: */s/ Richard H. Dollison*

Richard H. Dollison, Esq. (V. I. Bar Assoc. #502)
5126 Drake's Passage, Suite 202
P.O. Box 6785,
St. Thomas, U.S. Virgin Islands 00804
Telephone: (340) 774-6011
Facsimile: (340) 776-8520
email: rdollison@vilawyers.com

*Attorneys for the Greenlight Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of February, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing (NEF) to the following:

Maria Tankenson Hodge, Esq.
Hodge & Francois
1340 Taarneberg
St. Thomas, V.I. 00802
maria@hodgefrancois.com

Counsel for Ernst & Young LLP and Deloitte & Touche LLP

4. J. Daryl Dodson, Esq.
5035 Norre Gade, Suite One
P.O. Box 310
St. Thomas, VI 00804-0310
(340) 777-5490
(340) 777-5498 (fax)
jddodson@surfvi.com

Counsel for National Rural Utilities Cooperative Finance Corporation, Rural Telephone Finance Cooperative, Steven L. Lilly, John J. List, Sheldon C. Petersen, and R. Wayne Stratton

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Building
1138 King Street
Christiansted, St. Croix 00820
rhunter@hcbvilaw.com

Counsel for Fulbright & Jaworski, LLP

Lawrence H. Schoenbach, Esq.
111 Broadway, Suite 1305
New York, NY 10016
**Schoenbachlawoffice@att.net**

Norman A. Abood, Esq.
203 Fort Industry Square
152 N Summer Street
Toledo, OH 43604-2304
norman@nabood.com

Counsel for Jeffrey J. Prosser

Dawn Prosser
252 El Bravo Way
Palm Beach, FL 33480
**lizprosser@aol.com**

Adrian Prosser
252 El Bravo Way
Palm Beach, FL 33480
**adrianprosser@gmail.com**

John P. Raynor, Esq.
10110 Nicholas Street, Suite 102
Omaha, NE 68114
jraynor@rrplawyers.com

I hereby further certify that I have caused the foregoing to be served by first-class U.S. mail, postage prepaid to the following:

Glenn L. English & NRECA
c/o Michael A. Lindsay, Esq.
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498

By: *___/s/ Richard H. Dollison___*
Richard H. Dollison
V.I. Bar. Number 502