## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| JEFFREY J. PROSSER, DAWN PROSSER, ADRIAN PROSSER, and JOHN P. RAYNOR, | |
| Plaintiffs, | 2008-CV-0107 |
| v. | |
| NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION; RURAL TELEPHONE FINANCE COOPERATIVE; NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION; SHELDON C. PETERSEN; JOHN J. LIST; STEVEN L. LILLY; R. WAYNE STRATTON; GREENLIGHT CAPITAL, INC.; GREENLIGHT CAPITAL QUALIFIED, L.P.; GREENLIGHT CAPITAL, L.P.; GREENLIGH CAPITAL OFFSHORE, LTD.; FULBRIGHT & JAWORSKI, L.L.P.; GLENN L. ENGLISH; DELOITTE TOUCHÉ USA LLP; and ERNST & YOUNG LLP, | |
| Defendants. | |

TO:   Lawrence H. Schoenbach, Esq.
      John P. Raynor, Esq.
      J. Daryl Dodson, Esq.
      John H. Benham, III, Esq.
      Richard H. Dollison, Esq.
      Richard H. Hunter, Esq.
      Maria T. Hodge, Esq.

### ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY

THIS MATTER came before the Court upon Plaintiff John P. Raynor's Motion to Disqualify

Hogan & Hartson LLP as Counsel for National Rural Utilities Cooperative Finance Corporation,

Rural Telephone Finance Cooperative, Steven L. Lilly, John J. List, Sheldon C. Petersen, and R.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 2

Wayne Stratton (Collectively the "Defendants"); Motion to Strike Those Defendants' Pleadings; and

a Motion For Stay of Proceedings (Docket No. 92) and Plaintiff Dawn Prosser's Motion of Joiner

[sic] in the Relief Requested and Joiner [sic] in Plaintiff John Raynor's Motions: (i) Motion to

Disqualify Hogan & Hartson as Counsel (Docket No. 96).[1]  Defendants National Rural Utilities

Cooperative Finance Corporation, Rural Telephone Finance Cooperative, Sheldon C. Petersen, John

J. List, Steven L. Lilly, and R. Wayne Stratton filed a response in opposition to the motion of John

P. Raynor and responses to Plaintiffs Dawn Prosser and Adrian Prosser's Motions for Joinder.

Plaintiff John P. Raynor filed a reply to said Defendants' opposition, in which Plaintiffs Dawn

Prosser and Adrian Prosser moved to join.

Before reaching the merits of the motion, the Court notes that Plaintiffs[2] combine no less than

three motions in one.  If that were not enough, Plaintiffs then add another motion to their reply to

Defendants' response in opposition.  This Court repeatedly has advised counsel that motions are not

to be combined with other motions or responsive documents.  Any future disregard of the Court's

policy will result in the immediate denial, without prejudice, of the combined motion with an

instruction to re-file as separate documents and may result in the imposition of sanctions.

---

1.  The Court granted Plaintiff Adrian Prosser's Motion of Joiner [sic] in the Relief Requested and Joiner [sic] in Plaintiff John Raynor's Motions: (i) Motion to Disqualify Hogan & Hartson as Counsel (Docket No. 110) by Order Granting Plaintiff Adrian Prosser's Motions (Docket No. 116), entered March 30, 2009.

2.  Because the Court is granting Plaintiffs Dawn Prosser's motion for joinder and already has granted Adrian Prosser's motion for joinder, the Court refers throughout to Plaintiffs in the plural and to the motion to disqualify as Plaintiffs' motion.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 3

## DISCUSSION

Plaintiffs' motion centers upon their request to disqualify counsel.  Plaintiffs allege that Hogan & Hartson, LLP, as Defendant National Rural Utilities Cooperative Finance Corporation's security law counsel, has certain ethical obligations to said Defendant and the Securities and Exchange Commission which are at odds with the firm's simultaneous representation of the other Defendants upon whose behalf it has entered an appearance in this matter.  Plaintiffs conclude that this alleged conflict of interest requires Hogan & Hartson, LLP's disqualification.

A motion to disqualify counsel

> [r]equires the court to "balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *McKenzie Constr. v. St. Croix Storage Corp.,* 961 F. Supp. 857, 859 (D. Vi. 1997).  "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *Id.* (citing *Richardson v. Hamilton Int'l Corp.,* 469 F.2d 1382, 1385-86 (3d Cir. 1972)).

*Richards v. Lewis*, No. Civ. A. 05-0069, 2005 WL 2645001 at *2 (D.V.I. October 14, 2005).

It is well established that "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)  (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir.1983)).  *See also FMC Corp. v. Guthery*, Civil Action No. 07-5409 (JAP), 2009 WL 485280 at *3 (D.N.J. Feb. 25, 2009); *Gordon v. Bechtel Int'l*, No. CIV. 2001/132, 2001 WL 1727251 at *4 (D.V.I. Dec. 28, 2001); *Commonwealth Ins. Co. v. Graphix Hot Line, Inc*., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992).  In addition, while

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 4

"doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry

a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified."

*Alexander*, 822 F. Supp. at 1114 (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir.1983);

*Bennett Silvershein Assoc. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y.1991)).

Plaintiffs base their motion upon four separate provisions of the ABA Model Rules of

Professional Conduct.[3]   The Court will address each argument in turn.

Model Rule 1.6

Plaintiffs first cite Model Rule 1.6, regarding attorney-client confidentiality.   Rule 1.6

provides:

> (a) A lawyer shall not reveal information relating to the representation of a client
> unless the client gives informed consent, the disclosure is impliedly authorized in
> order to carry out the representation or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the
> extent the lawyer reasonably believes necessary:
> (1) to prevent reasonably certain death or substantial bodily harm;
> (2) to prevent the client from committing a crime or fraud that is reasonably certain
> to result in substantial injury to the financial interests or property of another and in
> furtherance of which the client has used or is using the lawyer's services;
> (3) to prevent, mitigate or rectify substantial injury to the financial interests or
> property of another that is reasonably certain to result or has resulted from the client's
> commission of a crime or fraud in furtherance of which the client has used the
> lawyer's services;
> (4) to secure legal advice about the lawyer's compliance with these Rules;
> (5) to establish a claim or defense on behalf of the lawyer in a controversy between
> the lawyer and the client, to establish a defense to a criminal charge or civil claim
> against the lawyer based upon conduct in which the client was involved, or to

---

3. This Court has adopted the Model Rules of Professional Conduct as the standard for the ethical conduct of attorneys.
*See, e.g., VECC, Inc. v. Bank of Nova Scotia*, 222 F. Supp. 2d 717, 719 (D.V.I. 2002) (citing LRCi 83.2 and *Brice v. HOVIC*, 769 F. Supp. 193, 194 (D.V.I. 1990)).   Thus, the Court will address only these rules and not the Canons of Professional Responsibility to which Plaintiffs also refer in the said motion.

       respond to allegations in any proceeding concerning the lawyer's representation of the client; or

       (6) to comply with other law or a court order.

ABA Annotated Model Rules of Professional Conduct Rule 1.6 (2007).

       Nothing contained within this rule supports Plaintiffs' request to disqualify Hogan & Hartson, LLP.  Plaintiffs have not cited any past instances of unauthorized disclosure of confidential client information nor have they indicated, with certainty, that any unauthorized disclosure shall occur during the course of Hogan & Hartson, LLP's representation in the present litigation. Plaintiffs themselves acknowledge that 17 C.F.R. § 205.3 permits but does not require the disclosure of confidential information.  Motion at 11.  Moreover, Plaintiffs have not shown that any potential disclosure of confidential information would not fall within any of the exceptions enumerated in subparagraph (b).  Therefore, disqualification is not warranted pursuant to Rule 1.6.

Model Rule 1.16

       Model Rule 1.16 addresses when counsel should decline or terminate representation.  The only provision of Rule 1.16 that could apply to the matter at bar is subparagraph (a)(1), which requires a lawyer's withdrawal from representation if "the representation will result in violation of the Rules of Professional Conduct or other law . . . ."  ABA Annotated Model Rules of Professional Conduct Rule 1.16 (a)(1) (2007).  By its terms, this rule applies only where a violation of the ethical rules or other law has or will occur.  This rule, standing alone, does not support disqualification.  As discussed herein, the Court does not find a violation of another rule.  Consequently, Plaintiffs are not entitled to disqualification based upon Rule 1.16.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 6

Model Rule 3.7

Plaintiffs allege that "Hogan & Hartson LLP [sic] is a witness and will be subjected to substantial discovery . . . ." Motion at 17.

Model Rule 3.7 provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

ABA Annotated Model Rules of Professional Conduct 3.7 (2007).

As this Court previously has held, the "party seeking disqualification must establish that the testimony is material and may only be gotten from this particular witness." *Grammar v. Melnick*, Civil No. 07-73, 2008 WL 3155154 at *2 (D.V.I. August 1, 2008) (slip copy) (citing *Gordon v. Bechtel Int'l*, No. CIV. 2001/132, 2001 WL 1727252 at *5 (D.V.I. December 28, 2001)); *see also Chappell v. Cosgrove*, 916 P.2d 836, 839 (N.M. 1996). Nowhere in Plaintiffs' motion have they identified a specific attorney or attorneys that Plaintiffs intend to call as witnesses. Additionally, Plaintiffs have failed to establish that any testimony it would seek from any particular attorney is not obtainable from other sources. As subparagraph (b) provides, an attorney or attorneys employed by a law firm may represent a client at trial in which another attorney/attorneys employed by the same firm is/are called as a witness. *See, e.g., FMC Corp. v. Guthery*, Civil Action No. 07-5409, 2009

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 7

WL 485280 at *8 (D.N.J. February 25, 2009) (applying New Jersey's equivalent to Model Rule 3.7).

Thus, Plaintiffs are not entitled to disqualification of the entire firm of Hogan & Hartson, LLP, on

the basis of Rule 3.7, even if Plaintiffs can prove that testimony at trial is *necessary* from one or

more lawyers employed by the firm.

The Court further notes that the rule "is only applicable to trial and the attorney may continue

to represent the client up to trial." *Grammar,* 2008 WL 3155154 at *2 (citing *Gordon v. Bechtel

Int'l.*, No. Civ. 2001/132, 2001 WL 1727252 at *5 (D.V.I December 28, 2001)). Thus, the Court

finds that Plaintiffs' request based upon Rule 3.7 is premature. The Court will allow Plaintiffs to

renew the motion in the event Plaintiffs can demonstrate the necessity of a specific attorney's or

attorneys' testimony at trial.

Model Rule 1.7

Rule 1.7 governs conflicts of interests among or between current clients. The rule states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the
representation involves a concurrent conflict of interest.
A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be
materially limited by the lawyer's responsibilities to another client, a former client or
a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph
(a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent
and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against
another client represented by the lawyer in the same litigation or other proceeding
before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 8

ABA Annotated Model Rules of Professional Conduct Rule 1.7 (2007).

As argued by said Defendants, the general rule is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest. *See, e.g. In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5th Cir. 1976); *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153 (W.D. Wash. 2006); *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999). Plaintiffs do not allege that any of them are former or current clients of Hogan & Hartson, LLP.

A nonclient may seek disqualification only if there is an "ethical breach [that] so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of her claims." *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999); *see also Jamieson v. Slater*, No. CV 06-1524- PHX-SMM, 2006 WL 3421788 (D. Ariz. Nov. 27, 2006) (plaintiff had standing to move to disqualify opposing counsel, who was himself a co-defendant and whose actions while representing his co-defendants were subject of plaintiff's suit; notwithstanding co-defendants' waiver of conflict, lawyer's interest in justifying what he did while representing them would "undoubtedly cloud" his ability to examine their alternatives); *Bernocchi v. Forcucci*, 614 S.E.2d 775 (Ga. 2005) (nonclient movant must show "violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice").

In the matter at bar, Plaintiffs have not provided any evidence of any ethical breach, let alone a breach that "so infects the litigation" that it would impact Plaintiffs' interest in the determination of its claims. As Defendants amply demonstrate, no conflict exists between Hogan & Hartson, LLP,

and said Defendants, nor does any conflict exist among said Defendants, pursuant to a unified defense strategy.  Hogan & Hartson, LLP, represents that said Defendants have been duly informed of the implications of joint representation and that said Defendants have consented to such representation.  Response in Opposition at 9.

Based upon the foregoing, the Court finds that disqualification of Hogan & Hartson, LLP, is not warranted.  Plaintiffs' motion to strike pleadings is based upon their allegations of "tainted" proceedings.  In view of the Court's finding of no such taint, the Court will deny Plaintiffs' motion to strike.  Plaintiffs' motion for stay pending resolution of the motion to disqualify is rendered moot by the issuance of this order.  Finally, having found the written briefs in the matter sufficient, the Court denies Plaintiffs' request for oral argument.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff John P. Raynor's Motion to Disqualify Hogan & Hartson LLP as Counsel for National Rural Utilities Cooperative Finance Corporation, Rural Telephone Finance Cooperative, Steven L. Lilly, John J. List, Sheldon C. Petersen, and R. Wayne Stratton (Collectively the "Defendants") (Docket No. 92) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff John P. Raynor's Motion to Strike Those Defendants' Pleadings (Docket No. 92) is **DENIED**.

3. Plaintiff John P. Raynor's Motion For Stay of Proceedings (Docket No. 92) is **DENIED AS MOOT**.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
2008-CV-0107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 10

4.     Plaintiff Dawn Prosser's Motion of Joiner [sic] in the Relief Requested and Joiner [sic] in Plaintiff John Raynor's Motions: (i) Motion to Disqualify Hogan & Hartson as Counsel (Docket No. 96) is **GRANTED**.

5.     Plaintiff John P. Raynor's Request For Oral Argument (Docket No. 128) is **DENIED**.

6.     Plaintiff Dawn Prosser's motion to join Plaintiff John P. Raynor's Reply to Hogan & Hartson LLP's Response in Opposition (Docket No. 130) is **GRANTED**.

7.     Plaintiff Dawn Prosser's Request For Oral Argument (Docket No. 130) is **DENIED**.

8.     Plaintiff Adrian Prosser's motion to join Plaintiff John P. Raynor's Reply to Hogan & Hartson's Response in Opposition (Docket No. 134) is **GRANTED**.

9.     Plaintiff Adrian Prosser's Request For Oral Argument (Docket No. 134) is **DENIED**.

ENTER:

DATED: May 1, 2009         /s/ George W. Cannon, Jr.
                                  GEORGE W. CANNON, JR.
                                  U.S. MAGISTRATE JUDGE