---

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

---

| | |
|---|---|
| JEFFREY J. PROSSER, DAWN PROSSER, ADRIAN PROSSER, and JOHN P. RAYNOR,<br><br>                                    Plaintiffs,<br><br>         v.<br><br>NATIONAL RURAL UTILITIES  COOPERATIVE FINANCE CORPORATION; RURAL TELEPHONE FINANCE COOPERATIVE; NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION; SHELDON C. PETERSEN; JOHN J. LIST; STEVEN L. LILLY; R. WAYNE STRATTON; GREENLIGHT CAPITAL, INC.; GREENLIGHT CAPITAL QUALIFIED, L.P.; GREENLIGHT CAPITAL, L.P.; GREENLIGH CAPITAL OFFSHORE, LTD.; FULBRIGHT & JAWORSKI, L.L.P.; GLENN L. ENGLISH; DELOITTE TOUCHÉ USA LLP; and ERNST & YOUNG LLP,<br><br>                                    Defendants. | 1:08-cv-107 |

---

TO:   Lawrence H. Schoenbach, Esq.
         John P. Raynor, Esq.
         J. Daryl Dodson, Esq.
         John H. Benham, III, Esq.
         Richard H. Dollison, Esq.
         Richard H. Hunter, Esq.
         Maria T. Hodge, Esq.


### ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY

THIS MATTER came before the Court upon Plaintiff John P. Raynor's Motion to Disqualify

Akin Gump Strass [sic] Hauer & Feld LLP as Counsel for Greenlight Capital, Inc., Greenlight

Capital Qualified, L.P., Greenlight Capital Offshore, Ltd., & Greenlight Capital, L.P. (Collectively

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
1:08-cv-107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 2

the "Defendants"); Motion to Strike Those Defendants' Pleadings; and a Motion For a Stay of

Proceedings (Docket No. 93) and Plaintiff Dawn Prosser's Motion of Joiner [sic] in the Relief

Requested and Joiner [sic] in Plaintiff John Raynor's Motions: . . . (ii) Motion to Disqualify Akin

Gump Strass [sic] Hauer & Feld LLP as Counsel (Docket No. 96).[1] Defendants Greenlight Capital,

Inc., Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Offshore, Ltd.

(collectively, "Greenlight") filed an opposition to Plaintiffs John Raynor's, Dawn Prosser's and

Adrian Prosser's motion.  Plaintiff John P. Raynor filed a reply to said Defendants' opposition, in

which Plaintiffs Dawn Prosser and Adrian Prosser moved to join.

　　　　Before reaching the merits of the motion, the Court notes that Plaintiffs[2] combine no less than

three motions in one.  If that were not enough, Plaintiffs then add another motion to their reply to

Defendants' response in opposition.  This Court repeatedly has advised counsel that motions are not

to be combined with other motions or responsive documents.  Any future disregard of the Court's

policy will result in the immediate denial, without prejudice, of the combined motion with an

instruction to re-file as separate documents and may result in the imposition of sanctions.

## DISCUSSION

　　　　Plaintiffs' motion centers upon their request to disqualify counsel.  Plaintiffs allege that Akin

Gump Strauss Hauer & Feld LLP (hereinafter, Akin Gump), having acted previously as counsel for

---

1.  The Court granted Plaintiff Adrian Prosser's Motion of Joiner [sic] in the Relief Requested and Joiner [sic] in Plaintiff John Raynor's Motions: . . . (ii) Motion to Disqualify Akin Gump Strass [sic] Hauer & Feld LLP as Counsel (Docket No. 110) by Order Granting Plaintiff Adrian Prosser's Motions (Docket No. 116), entered March 30, 2009.

2.  Because the Court is granting Plaintiffs Dawn Prosser's motion for joinder and already has granted Adrian Prosser's motion for joinder, the Court refers throughout to Plaintiffs in the plural and to the motion to disqualify as Plaintiffs' motion.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
1:08-cv-107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 3

Defendant National Rural Utilities Cooperative Finance Corporation and Defendant Rural Telephone Finance Cooperative, has certain ethical obligations to said Defendants which are at odds with the firm's simultaneous representation of the Greenlight Defendants upon whose behalf it has entered an appearance in this matter.  Plaintiffs conclude that this alleged conflict of interest requires Akin Gump's disqualification.

> A motion to disqualify counsel

> [r]equires the court to "balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system."  *McKenzie Constr. v. St. Croix Storage Corp.,* 961 F. Supp. 857, 859 (D. Vi. 1997).  "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it."  *Id.* (citing *Richardson v. Hamilton Int'l Corp.,* 469 F.2d 1382, 1385-86 (3d Cir. 1972)).

*Richards v. Lewis*, No. Civ. A. 05-0069, 2005 WL 2645001 at *2 (D.V.I. October 14, 2005).

It is well established that "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'"  *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)  (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir.1983)).  *See also FMC Corp. v. Guthery*, Civil Action No. 07-5409 (JAP), 2009 WL 485280 at *3 (D.N.J. Feb. 25, 2009); *Gordon v. Bechtel Int'l*, No. CIV. 2001/132, 2001 WL 1727251 at *4 (D.V.I. Dec. 28, 2001); *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1203 (E.D. Pa. 1992).  In addition, while "doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified."

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
1:08-cv-107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 4

*Alexander*, 822 F. Supp. at 1114 (citing *Evans v. Artek Sys. Corp*., 715 F.2d 788, 791 (2d Cir.1983);

*Bennett Silvershein Assoc. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y.1991)).

Plaintiffs base their motion upon two (2) separate provisions of the ABA Model Rules of

Professional Conduct.[3]  The Court will address each argument in turn.

Model Rule 1.7

Rule 1.7 governs conflicts of interests among or between current clients.  The rule states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.
A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

ABA Annotated Model Rules of Professional Conduct Rule 1.7 (2007).

In opposition, Greenlight Defendants assert that Plaintiffs lack standing to move for

disqualification.  Opposition at 14 *(*citing, *e.g. In re Yarn Processing Patent Validity Litigation*, 530

---

3.  This Court has adopted the Model Rules of Professional Conduct as the standard for the ethical conduct of attorneys. *See, e.g., VECC, Inc. v. Bank of Nova Scotia*, 222 F. Supp. 2d 717, 719 (D.V.I. 2002) (citing LRCi 83.2 and *Brice v. HOVIC*, 769 F. Supp. 193, 194 (D.V.I. 1990)).  Thus, the Court will address only these rules and not the Canons of Professional Responsibility to which Plaintiffs also refer in the said motion.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
1:08-cv-107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 5

F.2d 83 (5th Cir. 1976); *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153 (W.D. Wash. 2006); *Richardson v. Hamilton Int'l Corp.*, 333 F. Supp. 1049, 1054-55 (E.D. Pa. 1971), *aff'd* 469 F.2d 1382 (3d Cir. 1972)).  Greenlight Defendants state that Plaintiffs "are not current or former clients of Akin Gump . . . ."  Opposition at 15.

A nonclient may seek disqualification only if there is an "ethical breach [that] so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of her claims."  *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999); *see also Jamieson v. Slater*, No. CV 06-1524- PHX-SMM, 2006 WL 3421788 (D. Ariz. Nov. 27, 2006) (plaintiff had standing to move to disqualify opposing counsel, who was himself a co-defendant and whose actions while representing his co-defendants were subject of plaintiff's suit; notwithstanding co-defendants' waiver of conflict, lawyer's interest in justifying what he did while representing them would "undoubtedly cloud" his ability to examine their alternatives); *Bernocchi v. Forcucci*, 614 S.E.2d 775 (Ga. 2005) (nonclient movant must show "violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice").

In the matter at bar, Plaintiffs have not provided any evidence of any ethical breach, let alone a breach that "so infects the litigation" that it would impact Plaintiffs' interest in the determination of its claims.  As Greenlight Defendants amply demonstrate, no conflict exists between Akin Gump and Greenlight Defendants, nor does any conflict exist among Greenlight Defendants or between Greenlight Defendants and other Defendants, as evidenced by their unified defense strategy.

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
1:08-cv-107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 6

Model Rule 3.7

Plaintiffs allege that "Akin Gump will be subjected to discovery and will be witnesses with

respect to RTFC's 2003 Foreclosure Action . . . and the 2001 False Loan Agreements.  Akin Gump

will be a witness regarding CFC's inordinate and overreaching control over RTFC."  Motion at 10.

Model Rule 3.7 provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be
a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the
case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's
firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or
Rule 1.9.

ABA Annotated Model Rules of Professional Conduct 3.7 (2007).

As this Court previously has held, the "party seeking disqualification must establish that the

testimony is material and may only be gotten from this particular witness."  *Grammar v. Melnick*,

Civil No. 07-73, 2008 WL 3155154 at *2 (D.V.I. August 1, 2008) (slip copy) (citing *Gordon v.*

*Bechtel Int'l*, No. CIV. 2001/132, 2001 WL 1727252 at *5 (D.V.I. December 28, 2001)); *see also*

*Chappell v. Cosgrove*, 916 P.2d 836, 839 (N.M. 1996).  Nowhere in Plaintiffs' motion have they

identified a specific attorney or attorneys that Plaintiffs intend to call as witnesses.  Additionally,

Plaintiffs have failed to establish that any testimony it would seek from any particular attorney is not

obtainable from other sources.  As subparagraph (b) provides, an attorney or attorneys employed by

a law firm may represent a client at trial in which another attorney/attorneys employed by the same

firm is/are called as a witness.  *See, e.g., FMC Corp. v. Guthery*, Civil Action No. 07-5409, 2009 WL 485280 at *8 (D.N.J. February 25, 2009) (applying New Jersey's equivalent to Model Rule 3.7). Thus, Plaintiffs are not entitled to disqualification of the entire firm of Akin Gump, on the basis of Rule 3.7, even if Plaintiffs can prove that testimony at trial is *necessary* from one or more lawyers employed by the firm.

The Court further notes that the rule "is only applicable to trial and the attorney may continue to represent the client up to trial."  *Grammar,* 2008 WL 3155154 at *2 (citing *Gordon v. Bechtel Int'l.*, No. Civ. 2001/132, 2001 WL 1727252 at *5 (D.V.I December 28, 2001)).  Thus, the Court finds that Plaintiffs' request based upon Rule 3.7 is premature.  The Court will allow Plaintiffs to renew the motion in the event Plaintiffs can demonstrate the necessity of a specific attorney's or attorneys' testimony at trial.

Based upon the foregoing, the Court finds that disqualification of Akin Gump Strauss Hauer & Feld LLP, is not warranted.  Plaintiffs' motion to strike pleadings is based upon their allegations of "tainted" proceedings.  In view of the Court's finding of no such taint, the Court will deny Plaintiffs' motion to strike.  Plaintiffs' motion for stay pending resolution of the motion to disqualify is rendered moot by the issuance of this order.  Finally, having found the written briefs in the matter sufficient, the Court denies Plaintiffs' request for oral argument.

Accordingly, it is now hereby **ORDERED**:

1.      Plaintiff John P. Raynor's Motion to Disqualify Akin Gump Strass [sic] Hauer & Feld LLP as Counsel for Greenlight Capital, Inc., Greenlight Capital Qualified, L.P.,

*Prosser v. National Rural Utilities Cooperative Finance Corp.*
1:08-cv-107
Order Denying Plaintiff John P. Raynor's Motion to Disqualify
Page 8

Greenlight Capital Offshore, Ltd., & Greenlight Capital, L.P. (Collectively the "Defendants") (Docket No. 93) is **DENIED WITHOUT PREJUDICE**.

2.    Plaintiff John P. Raynor's Motion to Strike Those Defendants' Pleadings (Docket No. 93) is **DENIED**.

3.    Plaintiff John P. Raynor's Motion For Stay of Proceedings (Docket No. 93) is **DENIED AS MOOT**.

4.    Plaintiff Dawn Prosser's Motion of Joiner [sic] in the Relief Requested and Joiner [sic] in Plaintiff John Raynor's Motions: . . . (ii) Motion to Disqualify Akin Gump Strass [sic] Hauer & Feld LLP as Counsel (Docket No. 96) is **GRANTED**.

5.    Plaintiff John P. Raynor's Request For Oral Argument (Docket No. 127) is **DENIED**.

6.    Plaintiff Dawn Prosser's motion to join Plaintiff John P. Raynor's Reply to Akin Gump's Response of [sic] Opposition (Docket No. 129) is **GRANTED**.

7.    Plaintiff Dawn Prosser's Request For Oral Argument (Docket No. 129) is **DENIED**.

8.    Plaintiff Adrian Prosser's motion to join Plaintiff John P. Raynor's Reply to Akin Gump's Response of [sic] Opposition (Docket No. 135) is **GRANTED**.

9.    Plaintiff Adrian Prosser's Request For Oral Argument (Docket No. 135) is **DENIED**.

ENTER:

DATED: June 8, 2009                   /s/ George W. Cannon, Jr.
                                      GEORGE W. CANNON, JR.
                                      U.S. MAGISTRATE JUDGE