FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| JEFFREY J. PROSSER, DAWN PROSSER, ADRIAN PROSSER and JOHN P. RAYNOR,<br><br>            Plaintiffs,<br><br>        v.<br><br>NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION, RURAL TELEPHONE FINANCE COOPERATIVE, NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION, SHELDON C. PETERSEN, JOHN J. LIST, STEVEN L. LILLY, R. WAYNE STRATTON, GREENLIGHT CAPITAL INC., GREENLIGHT CAPITAL QUALIFIED, L.P., GREENLIGHT CAPITAL, L.P., GREENLIGHT CAPITAL OFFSHORE, LTD., FULBRIGHT & JAWORSKI, L.L.P., GLENN L. ENGLISH, DELOITTE TOUCHE USA, LLP, and ERNST & YOUNG, L.L.P.<br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2008-107 |

ATTORNEYS:

**Lawrence H. Schoenbach, Esq.**
New York, NY
        *For Jeffrey Prosser,*

**Norman Anthony Abood, Esq.**
Toledo, OH
        *For Jeffrey Prosser,*

**John P. Raynor, Esq.**
Omaha, NE
        *For Dawn Prosser,*

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 2

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
> *For National Rural Utilities Cooperations Finance,*
> *Rural Telephone Finance Cooperative, Sheldon C.*
> *Petersen, John J. List, Steven Lilly, and R. Wayne*
> *Stratton*

**Craig A. Hoover, Esq.**
Washington, D.C.
> *For National Rural Utilities Cooperations Finance,*
> *Rural Telephone Finance Cooperative, Sheldon C.*
> *Petersen, John J. List, Steven Lilly, and R. Wayne*
> *Stratton*

**Melissa N. Henke, Esq.**
Washington, D.C.
> *For National Rural Utilities Cooperations Finance,*
> *Rural Telephone Finance Cooperative, Sheldon C.*
> *Petersen, John J. List, Steven Lilly, and R. Wayne*
> *Stratton*

**Adam K. Levin, Esq.**
Washington, D.C.
> *For National Rural Utilities Cooperations Finance,*
> *Rural Telephone Finance Cooperative, Sheldon C.*
> *Petersen, John J. List, Steven Lilly, and R. Wayne*
> *Stratton*

**James K, Nichols, Esq.**
Minneapolis, NM
> *For National Rural Electric Cooperative Association,*
> *Glenn L. English*

**John H. Benham, III, Esq.**
St. Thomas, U.S.V.I.
> *For National Rural Electric Cooperative Association,*
> *Glenn L. English*

**Michael A. Lindsay, Esq.**
Minneapolis, NM
> *For National Rural Electric Cooperative Association,*
> *Glenn L. English*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 3

      *For Greenlight Capital, Inc., Greenlight Capital*
      *Qualified, L.P., Greenlight Capital, L.P.,*
      *Greenlight Capital Offshore, Ltd.,*

**Richard H. Hunter, Esq.**
St. Croix, U.S.V.I.
      *For Fullbright & Jaworski, L.L.P.,*

**Robert G. Newman, Esq.**
San Antonio, Tx
      *For Fullbright & Jaworski, L.L.P.,*

**Maria Tankenson Hodge, Esq.**
St. Thomas, U.S.V.I.
      *For Deloitte Touche USA, L.L.P., Ernst & Young, L.L.P.,*


## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants National
Rural Electric Cooperative Association and Glenn L. English
("English") (defendants are jointly referred to as "NRECA"), to
dismiss the above-captioned matter for lack of personal
jurisdiction, pursuant to Federal Rule of Civil Procedure
12(b)(2).  Additionally, NREC moves to dismiss for failure to
state a claim upon which relief can be granted, pursuant to Rule
12(b)(6).[1]  The plaintiffs Jeffrey Prosser, Dawn Prosser, Adrian

---

[1] NREC's Rule 12(b)(6) motion incorporates and relies on an omnibus
motion to dismiss filed by the defendants.  The Court will address those
arguments in its ruling on the omnibus motion.

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 4

Prosser, and John Raynor (jointly, the "plaintiffs") oppose the motion.

## I.   **FACTS**

Because the complex facts of this case are more completely articulated in an opinion on the defendants' omnibus motion to dismiss, the Court will only briefly recite some of the facts relevant to the instant motion.  Plaintiffs Jeffrey and Dawn Prosser were the beneficial owners of Innovative Communication Company, LLC ("ICC-LLC"), which is the parent company of Emerging Communications, Inc.("ECI").  "ECI" is the parent of Innovative Communication Corporation ("ICC"), which is the parent of the Virgin Islands Telephone Corporation ("Vitelco").

Defendant, Rural Telephone Finance Cooperative ("RTFC") is a Virginia based cooperative lender which provides financing to telecommunication companies.  National Rural Utilities Cooperative Finance Corporation ("CFC") is a cooperative lender, primarily lending to public power utilities.  Plaintiffs claim that CFC controls RTFC.  Plaintiffs and RTFC were in a loan relationship in which RTFC made loans to some of the plaintiffs' entities.

Plaintiffs assert that defendants have engaged in a two-step racketeering scheme.  They assert that the first step of the scheme is defendats' appropriation of the majority of RTFC

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 5

profits into CFC through inter-coop loans and other contractual
arrangements. The second step of the scheme is CFC's
redistribution of income belonging to RTFC and its members by
bestowing its income to CFC's electric company members.

NRECA is a District of Columbia coop that operates in
Virginia and represents the interests of cooperative electric
utilities. The plaintiffs claim that NRECA has transacted
business through RTFC, and that NRECA controls RTFC. They also
claim that NRECA established and manages CFC.

Since 1994, English has been Chief Executive Officer of
NRECA. He also served on the board of CFC from 1994 to 2005.
The plaintiffs claim that in his positions with CFC and NRECA,
English has conducted business in the U.S. Virgin Islands and has
sought relief in U.S. Virgin Islands courts.

The plaintiffs assert that NRECA used CFC's influence to cut
off a capital improvement facility to Vitelco. They also allege
that NRECA and English used CFC's and RTFC's management to engage
in a pattern of racketeering activities to embezzle from RTFC.

## II.  DISCUSSION

### A.  Personal Jurisdiction

Once a defendant has moved to dismiss for lack of personal
jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)
("Rule 12(b)(2)"), the plaintiff bears the burden of proving by a

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 6

preponderance of the evidence that jurisdiction is proper. *See Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because the district court did not conduct a hearing on the Rule 12(b)(2) motion, the plaintiff was only required to make a *prima facie* showing of personal jurisdiction).

To make a *prima facie* showing of personal jurisdiction, the plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. Once the motion

> is made, plaintiff must respond with actual proofs,
> not mere allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61,
66 n.9 (3d Cir. 1984)); *Patterson by Patterson v. F.B.I.*, 893
F.2d 595, 604 (3d Cir. 1990); *see also United States v. Swiss Am.
Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("The *prima facie*
showing must be based upon evidence of specific facts set forth
in the record . . . [and] go beyond the pleadings and make
affirmative proof") (internal quotations omitted); *Meier ex rel.
Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir.
2002) ("A *prima facie* case is established if the plaintiff
presents enough evidence to withstand a motion for directed
verdict") (internal quotations omitted).

To determine if personal jurisdiction is proper, the Court
must assess: (1) whether jurisdiction is authorized by the
forum's long-arm statute, and (2) whether the exercise of
personal jurisdiction over the defendant would comport with due
process under the United States Constitution, which requires that
the defendants have certain minimum contacts with the forum.
*Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 48 V.I. 941, 944
(D.V.I. 2007); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F.
Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*,
326 U.S. 310 (1945)).

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 8

The Virgin Islands long-arm statute provides:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
>> (1) transacting any business in this territory;
>>
>> (2) contracting to supply services or things in this territory;
>>
>> (3) causing tortious injury by an act or omission in this territory;
>>
>> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
>>
>> (5) having an interest in, using, or possessing real property in this territory; or
>>
>> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
>>
>> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
>>
>> (8) abandoning a minor in this Territory.
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

V.I. CODE ANN. tit. 5. § 4903 (1997).  This Court has

interpreted the statute to apply as widely as constitutional

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 9

requirements permit, consistent with the intent of the legislature. *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 534-36 (D.V.I. 2003) ("[T]he Virgin Islands' Legislature likely intended the reach of the Virgin Islands' long-arm statute to be coextensive with the exercise of personal jurisdiction permitted by the due process clause."); *see also Unlimited Holdings, Inc.,* 48 V.I. at 945 (noting the parallel between the long-arm statute and the due process requirements of the constitution).

Due process requires that a foreign defendant have minimum contacts with the forum.[2] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).  Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[ ] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316).  Under this standard, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Id.* at 370 (quoting *Asahi*

---

[2]  The Revised Organic Act incorporates by reference the fifth amendment and the second sentence of section I of the fourteenth amendment, the due process clause. 48 U.S.C. § 1561 (1976).  In addition, Congress enacted a Bill of Rights for the territory, § 3 of the Revised Organic Act, which extends the federal constitution to the fullest extent possible to the Virgin Islands, as an unincorporated territory of the United States. *Id. See also In re Brown*, 439 F.2d 47, 50-51 (3d Cir. 1971).  Thus, the Organic Act requires the same due process analysis that would be utilized under the federal constitution. *See also Gov't of the V.I. v. Bodle*, 427 F.2d 532, 533 n. 1 (3d Cir. 1970).

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 10

*Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112

(1987)).

A plaintiff can meet his burden of showing minimum contacts

in one of two ways: by establishing either specific or general

jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de*

*Puerto Rico, Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004).

General jurisdiction is based upon the defendant's "continuous

and systematic" contacts with the forum and exists even if the

plaintiff's cause of action arises from the defendant's non-forum

related activities. *See Vetrotex Certainteed Corp. v. Consol.*

*Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir.1996)

(citations omitted).  In contrast, specific jurisdiction is

present only if the plaintiff's cause of action arises out of a

defendant's forum-related activities, such that the defendant

"'should reasonably anticipate being haled into court'" in that

forum. *Id*. at 151 (quoting *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297 (1980)).

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 11

### III.   ANALYSIS

**A.   Personal Jurisdiction**

The Court has not held a hearing on NRECA's motion to dismiss for lack of personal jurisdiction.  The Plaintiffs' burden is therefore limited to a *prima facie* showing.[3]

To state a *prima facie* case of personal jurisdiction, the Plaintiffs must establish with reasonable particularity that NRECA falls within the provisions of the Virgin Islands long-arm statute, and that the requirements of due process are satisfied. *See Mellon Bank*, 960 F.2d at 1223; *Unlimited Holdings,* 48 V.I. at 945 (D.V.I. 2007); *Fin. Trust Co.*, 268 F. Supp. 2d at 566.

The Court will first address the long-arm statute's requirements.

**1.   Virgin Islands Long-Arm Statute**

The Plaintiffs do not specify which section of the long-arm statute providing for jurisdiction over non-resident defendants[4] they believe provides this Court with jurisdiction over NRECA and English.  They seem to contend that personal jurisdiction over

---

[3]     Neither party requested a hearing. *See, e.g., Bachmann Software & Servs. v. Intouch Group, Inc.*, Civ. No. 08-2025, 2008 U .S. Dist. LEXIS 55719, at *16 (D.N.J. July 21, 2008) (unpublished) (noting that "no party has requested an evidentiary hearing" and thus that "the plaintiff must make a prima facie showing of personal jurisdiction").

[4]     NRECA and English are not residents of the Virgin Islands. (Am. Compl. ¶¶ c, k1.)

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 12

NRECA and English is proper under either Section (a)(1), (a)(3), (a)(4) or (a)(5) of the long-arm statute.

Section (a)(1) applies to entities "transacting any business" in the territory. *See* 5 V.I.C. § 4903(a)(1).  Section (a)(3) applies to anyone "causing tortious injury by act or omission in the territory." *Id.* at § 4903(a)(3).  Section (a)(4) applies to one who causes tortious injury in the Virgin Islands by "act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct . . . in this territory." *Id.* at § 4903 (a)(4). Section (a)(5) applies to an entity having an interest in real property here. *Id.* at § 4903(a)(5).

The amended complaint makes the following two allegations regarding NRECA and English and their relation to the the Virgin Islands.  "NRECA has indirectly conducted business and transacted its affairs in the U.S. Virgin Islands through RTFC, a cooperative under the dominion and control of CFC, a legal entity created by NRECA." (Am. Compl. 4, ¶ c.)  "As a former director of CFC and as Chief Executive Officer of NRECA, English, through CFC and RTFC, has conducted business and transacted its [sic] affairs in the U.S. Virgin Islands including having sought relief in the Virgin Islands courts." (Am. Compl. 7, ¶ k1.)  The plaintiffs' opposition to the motion to dismiss does not add any factual

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 13

allegations, but merely asserts that "[i]t is incongruent that everyone surrounding NRECA and English are subject to Virgin Islands jurisdiction but Plaintiffs must go to Virginia to sue NRECA and English (that would be unfair and adverse to judicial economy)." (Joint Opp. to NRECA and English's Mot. to Dismiss 5.)

"In deciding a motion to dismiss for lack of personal jurisdiction, [the Court] take[s] the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Unlimited Holdings*, 48 V.I. at 944 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).  Further, "the plaintiff must establish personal jurisdiction by a preponderance of the evidence." *Id.* (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

The plaintiffs have not alleged that NRECA or English have ever "engage[d] in some type of purposeful activity within the territory," which is required to plead personal jurisdiction under Section (a)(1) of the long-arm statute. *See Hendrickson v. Reg O Co.*, 17 V.I. 457, 462-63 (D.V.I. 1980) *aff'd,* 657 F.2d 9 (3d Cir. 1981).  The plaintiffs also do not allege that NRECA or

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 14

English have caused a tortious injury in the territory,[5] such

that Section (a)(3) would apply to this case.  There is no claim

that NRECA or English "solicit[] business, or engage[] in any

other persistent course of conduct . . . in this territory" as is

required to bring them within the personal jurisdiction provided

by Section (a)(4).  Further, the plaintiffs do not plead that

NRECA or English have any interest in real property located in

the territory, such that they would fall under the jurisdiction

provided in Section (a)(5).

The plaintiffs further have not submitted any affidavits or

other evidence to support the argument that this Court has

personal jurisdiction over NRECA or English, belying the argument

that such jurisdiction exists. *See Time Share Vacation Club*, 735

F.2d at 66 n.9 ("Once the defense has been raised, then the

plaintiff must sustain its burden of proof in establishing

jurisdictional facts through sworn affidavits or other competent

evidence. . . .  [A]t no point may a plaintiff rely on the bare

pleadings alone in order to withstand a defendant's Rule 12(b)(2)

motion to dismiss for lack of in personam jurisdiction. Once the

---

[5] The plaintiffs state that CFC worked to cut off a capital improvement credit facility to Vitelco, which is a Virgin Islands entity, and vaguely assert that CFC used NRECA's influence with the Rural Utilities Services ("RUS") to accomplish this credit freeze.  (Am. Compl. 59, ¶ vi.) However, the plaintiffs do not attribute this activity, whose impact was felt in the territory, to NRECA or English themselves.

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 15

motion is made, plaintiff must respond with actual proofs, not
mere allegations."); *Unlimited Holdings*, 48 V.I. at 947 ("Nor has
Unlimited submitted any affidavits or other evidence to support a
finding of personal jurisdiction over CPP. Therefore, Unlimited
has failed to establish that this Court has personal jurisdiction
over CPP.").  In short, the plaintiffs have utterly failed to
adduce any evidence to establish a connection between NRECA's and
English's complained-of conduct and the Virgin Islands.  They
have also failed to establish with reasonable particularity that
such a connection exists.  As such they have failed to make a
*prima facie* showing that would support the assertion of personal
jurisdiction. *See Unlimited Holdings*, 48 V.I. at 947 ("the
complaint did not allege 'that any of [the defendant's] conduct,
about which Plaintiff complains, took place in the territory or
had any territorial connection,' nor did the plaintiffs present
any evidence to support personal jurisdiction." (quoting *Kressen
v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 585-86 (D.V.I. 2000)).

### 2. Due process

If a plaintiff is able to establish that the long-arm
statute applies to a defendant, the Court then addresses whether
assertion of jurisdiction comports with due process.  However,
"because [the plaintiffs have] failed to establish personal
jurisdiction under the Virgin Islands long-arm statute, the Court

*Prosser et al. v. National Rural Untilities Cooperative Finance Corp., et al.*
Civil No. 2008-107
Memorandum Opinion
Page 16

need not engage in the due process analysis." *Unlimited Holdings,*

*Inc. v. Bertram Yacht, Inc.*, 49 V.I. 1002, 1012 n. 2 (D.V.I.

2008).

**V.   <u>CONCLUSION</u>**

Accordingly, the motion to dismiss will be **GRANTED**. An

appropriate order accompanies this memorandum opinion.

S\_____
        **Curtis V. Gómez**
        **Chief Judge**